**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA TORRES, | No. 18-35965 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-03095-MKD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Submitted December 11, 2019[**]
Seattle, Washington

Before: HAWKINS and MCKEOWN, Circuit Judges, and HARPOOL,[***] District Judge.

Ana Torres appeals the district court's affirmance of the Commissioner of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

Social Security's denial of her application for Supplemental Social Security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") proffered specific, clear, and convincing reasons for discounting Torres's pain and limitations testimony because the record showed that Torres's conditions improved with treatment and were less severe than alleged. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (objective medical evidence showing that the condition is less severe than alleged and is controlled with conservative treatment is proper basis to discount a claimant's pain and symptoms testimony); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (explaining that although the ALJ may not rely solely on a lack of objective medical evidence to discredit a claimant, it is one factor that may be considered, among other factors). The ALJ also properly discounted Torres's testimony because the record reflected that she failed to follow treatment recommendations and made inconsistent statements about her substance use. *See Trevizo v. Berryhill,* 871 F.3d 664, 679 (9th Cir. 2017) ("A claimant's subjective symptom testimony may be undermined by an unexplained, or inadequately explained, failure to . . . follow a prescribed course of treatment." (citation omitted)); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (finding that

claimant's conflicting statements about her alcohol and drug usage supported the ALJ's credibility determination).

Torres argues that, in comparing her testimony to the medical record, the ALJ should have counted the "jerking" or dyscognitive seizures which Torres was also experiencing. However, Torres's neurologist described the jerking motions as a phenomenon that precedes a convulsive seizure. It is also not clear Torres herself was referring to jerking motions as stand-alone seizures when she testified that she had three or four such seizures per month. Moreover, some records show that both her convulsive seizures and jerking motions were controlled with medication. Therefore, even though the ALJ did not expressly focus on the jerking motions, his conclusion that Torres's testimony regarding the overall condition was not supported by the medical record was sufficiently clear and convincing. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The ALJ did not err by not providing greater weight to the testimony of a lay witness, Torres's mother, because her testimony was inconsistent with the medical evidence. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason to discount a lay witness testimony).

18-35965

The ALJ did not err by not assigning more weight to the opinion of Dr. Chau because Dr. Chau gave undue credence to Torres's reports of severe pain and uncontrolled seizures and his opinion was inconsistent with the medical record. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the ALJ determined that [claimant's] description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements."); *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) ("An ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence").

The ALJ did not err in giving significant weight to the opinion of consultative psychological examiner Dr. Billings because her opinion was consistent with Torres's examination and the treatment record. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("The ALJ is responsible for . . . resolving conflicts in medical testimony . . . [and] for resolving ambiguities," and his decision will be upheld where his interpretation is a rational one); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (the ALJ was not required to provide "clear and convincing reasons" for rejecting a medical expert opinion where she did not reject any of the experts' conclusions and incorporated

4                                                                    18-35965

the expert observations in the residual functioning capacity).

The ALJ's finding that Torres's impairments did not meet or equal a listing was supported by substantial evidence. *See* 20 C.F.R. § 416.924(c)-(d); 20 C.F.R. § 416.920(a)(4)(iii); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) ("An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.").

The ALJ's finding that Torres's impairments did not functionally equal a childhood disability listing was supported by substantial evidence. *See* 20 C.F.R. § 416.926a(b)(1)(i)-(vi) (listing the six domains of child's functioning that must be evaluated).

We reject Torres's contention that the ALJ's decision violated the law of the case doctrine because the ALJ was not required to make any particular findings on remand, and after remand, the record was substantially augmented with new evidence. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (explaining that the doctrine of the law of the case applies in the social security context and generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case, but does not apply when the evidence on remand is substantially different).

**AFFIRMED**.

18-35965